# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**IN RE: TERRI SCHINDLER-SCHIAVO**
**by and through "Next Friend" Virginia C. Kish,**

**Case No. 8:05-CV-576-T-27EAJ**

_____/

## ORDER

**THIS MATTER** comes before the Court upon Petitioner's Notice of Appeal (Dkt. 10) of the May 4, 2005 Order (Dkt. 7) denying her Motion for Leave to Appeal *In Forma Pauperis* (Dkt. 5), Application for Certificate of Appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 15), and second Motion for Leave to Appeal *In Forma Pauperis* (Affidavit of Indigency) (Dkt. 11).

To obtain a certificate of appealability, Petitioner must make a substantial showing: 1) of the denial of a constitutional right, and 2) that reasonable jurists would find debatable the merits of the underlying claim and/or the procedural issues she seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

Because Petitioner's Affidavit of Indigency (Dkt. 5) was incomplete with regard to financial status, the Court was unable to ascertain whether she qualifies to proceed on appeal *in forma pauperis*.  A reasonable jurist would not find this procedural issue debatable as is relates to determinations of *in forma pauperis* status, and as such, Petitioner has failed to satisfy the second prong of the *Slack* test. *Slack*, 529 U.S. at 484.  Petitioner has also failed to make a substantial showing of the denial of a constitutional right.[3] *See Id.*; 28 U.S.C. § 2253(c).

With regard to Petitioner's second Affidavit of Indigency (Dkt. 11), the Court will again construe this filing as a second Motion for Leave to Appeal *In Forma Pauperis*.  The Court finds that the affidavit is incomplete, including specifically "Section VI - Financial Status."  Without the required information, the Court is unable to ascertain whether Petitioner qualifies to proceed on appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915.

As an additional matter, Petitioner lacks standing in this action.  To establish standing as a "next friend," Petitioner must first "provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." *Hauser v. Moore*, 223 F.3d 1316, 1322 (11th Cir. 2000) (*citations omitted*); *Centobie v. Campbell*, __ F.3d __, 2005 WL 975573, at *1 (11th Cir. Apr. 27, 2005).  Second, Petitioner must also show that she is "truly dedicated to the best interests of the person on whose behalf she seeks to litigate." *Id.*  Third, Petitioner must show that she has "some significant relationship with the party in interest." *Id.*  Even assuming Petitioner has met the first two prongs of this test, she fails to demonstrate that she had a significant relationship with Terri Schindler-

---

[3] Petitioner has not shown a denial of either her own or Terri Schindler-Schiavo's constitutional rights. *See Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998) (proceeding *in forma pauperis* in a civil case is "a privilege, not a right – fundamental or otherwise").

Schiavo. Petitioner lacks standing to proceed in this Court, and therefore, this matter is DISMISSED for lack of jurisdiction.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1)      Petitioner's Application for Certificate of Appealability (Dkt. 15) is **DENIED**.

2)      Petitioner's second Motion for Leave to Appeal *In Forma Pauperis* (Affidavit of Indigency) (Dkt. 11) is **DENIED**.

3)      This matter is **DISMISSED** for lack of jurisdiction. The Clerk is directed to close this case and deny all pending motions as moot.

**DONE AND ORDERED** in chambers this __17__ TL day of June, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Parties of Record

3